CATHERINE SPENCER *et vir.*, Plaintiff in Error, v. METROPOLITAN STREET RAILWAY COMPANY, Defendant in Error.

Kansas City Court of Appeals, May 21, 1894.

1. **Injunction:** NUISANCE: FORMER DAMAGES: BAR. Plaintiff sued defendant and recovered not only damages then accrued, but, as well, damages for further maintenance of a viaduct along the street in front of her property and subsequently brought this action to abate the nuisance of maintaining such structure in said street. *Held,* as plaintiff has been fully compensated for all her damages, present and prospective, she ought not to be heard to complain further.

2. ———: ———: SPECIAL DAMAGES. If the structure complained of amounts to a public nuisance an individual can not maintain an injunction, unless special injury, over and above that done the public generally, is shown. Plaintiff has no cause to complain of special injury to her property since her claim therefor had been sued and a judgment awarded thereon from which judgment it conclusively appears plaintiff has no injury separate and distinct from the public.

VOL. 58—33

3. ———: ———: UNCONTEMPLATED USE OF STREET. If the viaduct was a burden not contemplated in the dedication of the street then plaintiff was entitled to such special damages as her property received thereby. This she has sued for, recovered and accepted, and thereby in legal effect agreed that it might continue on the street.

*Error to the Jackson Circuit Court.*—Hon. John W. Henry, Judge.

AFFIRMED.

*Kenneth McC. Deweese* and *R. O. Boggess* for plaintiff in error.

(1) The license or grant of the city pleaded in justification were insufficient as to both law and fact. Lewis on Em. Dom., sec. 116, foot paging 153. For, when property has once been dedicated to public use, no power in the state can authorize a use thereof inconsistent with such dedication and destructive of such public use. R. S. 1855, p. 1535, secs. 1–8; *Sugar, etc., Co. v. St. Louis, etc., Co.*, 82 Mo. 121; *Glasgow et al. v. City of St. Louis*, 87 Mo. 678; *Sheedy v. Union, etc., Co.*, 25 Mo. App. 527; *Dubach v. Railroad*, 89 Mo. 483; *Glassner et al. v. Anheuser–Busch, etc., Ass'n*, 100 Mo. 508; *Rutherford v. Taylor*, 38 Mo. 315; *Price v. Thompson*, 48 Mo. 363; 2 Dillon on Mun. Corp. [3 Ed.], secs. 660, 716; *St. Louis, etc., Co. v. St. Louis, etc., Co.*, 111 Mo. 666; *Friend v. Porter*, 50 Mo. App. 89; *Barney v. Keokuk*, 94 U. S. 325. (2) The plea of the former suit pending was not good or sufficient, either as abatement in bar or estoppel. The recovery of substantial damages in the former suit did not vest any rights in respondent to continue the nuisance. *Spencer v. Railroad*, 23 S. W. Rep. 126; *Hickman v. Kansas City*, 120 Mo. 110; 25 S. W. Rep. (Mo.) 225; *Cape Girardeau, etc., Co. v. Renfroe*, 58 Mo. 265. (3) The former such suit was to recover

damages for the establishment and maintenance of a nuisance, whereas the pending suit is prosecuted for the abatement of said nuisance.

*Pratt, Ferry & Hagerman* for defendant in error.

(1) The use of a street for the ordinary street car line is just as much a street use as a wagonway or a foot walk. *State ex rel., etc., v. Street R'y Co.*, 85 Mo. 263. With the possible exception of New York and Connecticut, this doctrine has found lodgment very generally. *Hinchman v. Horse R'y Co.*, 2 C. E. Green (N. J.), 75; *Railroad v. Railroad*, 20 N. J. Eq., 69; Booth on Street Railways, sec. 82, and case cited; *Briggs v. Railroad*, 79 Me. 363; *Newell v. Railroad*, 35 Minn. 112; *Taggart v. Railroad*, 19 Atl. Rep. (R. I.) 326; *Williams v. Railroad*, 41 Fed. Rep. (Ark.) 556; *Halsey v. Railroad*, 20 Atl. Rep. (N. J.) 859; *Railroad v. Mills*, 48 N. W. Rep. (Mich.) 1007; *Pelton v. Railroad*, 22 Week. L. Bul. (Ohio) 67; *Koch v. Railroad*, 23 Atl. Rep. (Md.) 463. (2) The act of the city in granting the franchise was equivalent to a change of grade. The petition in the law action charged the act to be "a change in the grade of said Twelfth street," giving plaintiffs a right of action "under section 21 of article 2 of the Constitution of Missouri." Not only was such the theory of the petition, but the construction of a viaduct has been repeatedly held to be a change of grade under statutes giving a cause of action therefor. *Stickford v. St. Louis*, 7 Mo. App. 217; s. c., 75 Mo. 309; *Chouteau v. St. Louis*, 8 Mo. App. 48; *Dyer v. St. Louis*, 11 Mo. App. 590; *Dore v. Milwaukee*, 42 Wis. 108; *St. Louis v. Gurno*, 12 Mo. 417; *Imler v. Springfield*, 55 Mo. 119; *Foster v. St. Louis*, 71 Mo. 157; *Julia Building Ass'n v. Bell Tel. Co.*, 88 Mo. 258; *Rude v. St. Louis*, 93 Mo. 408;

*Fairchild v. St. Louis*, 97 Mo. 85; *Carmen v. St. Louis*, 97 Mo. 92; *Ransom v. Railroad*, 104 Mo. 375; *Glasgow v. St. Louis*, 107 Mo. 198; *Vandevere v. Kansas City*, 107 Mo. 83; *Chicago v. Building Ass'n*, 102 Ill. 379; *East St. Louis v. O'Flynn*, 119 Ill. 200; *Peel v. Atlanta*, 11 S. E. Rep. (Ga.) 582; *Railroad v. Lippincott*, 116 Pa. St. 472; *Railroad v. Marchant*, 119 Pa. St. 541; *Railroad v. Walsh*, 124 Pa. St. 544; *Lockhart v. Railroad*, 21 Atl. Rep. (Pa.) 26; *Swenson v. Lexington*, 69 Mo. 157; *Slaten v. Railroad*, 29 Iowa, 148; *Denver v. Vernia*, 8 Col. 399; *Rigney v. Chicago*, 102 Ill. 64; *Montgomery v. Townsend*, 80 Ala. 489; *Railroad v. Withcrow*, 82 Ala. 190; *Montgomery v. Townsend*, 84 Ala. 478; *Railroad v. Railroad*, 64 Tex. 80; *Lockhart v. Railroad*, 21 Atl. Rep. (Pa.) 26; *Railroad v. Marchant*, 119 Pa. St. 541; *Sterling's Appeal*, 111 Pa. St. 35; *Werth v. Springfield*, 78 Mo. 107; *Householder v. Kansas City*, 83 Mo. 488; *Julia Building Ass'n, v. Bell Tel. Co.*, 88 Mo. 258; *Blanchard v. Kansas City*, 16 Fed. Rep. 444; *McElroy v. Kansas City*, 21 Fed. Rep. 257; *Reardon v. San Francisco*, 66 Cal. 492; *Atlanta v. Green*, 67 Ga. 386; *Moore v. Atlanta*, 70 Ga. 611; *Parker v. Seattle*, 31 Pac. Rep. (Wash.) 310; *New Brighton v. U. P. Church*, 96 Pa. St. 331; *In re Levering Street*, 14 Phil. 349; *City of Pekin v. Brereton*, 67 Ill. 477; *City of Pekin v. Winkle*, 77 Ill. 56; *City of Elgin v. Eaton*, 2 Ill. App. 90; s. c., 83 Ill. 235; *Chester v. Brower*, 117 Pa. St. 647; *Rigney v. Chicago*, 102 Ill. 64; *Coal Co. v. Chicago*, 26 Fed. Rep. 415; *Chicago v. Taylor*, 125 U. S. 161. (3) Under the constitutional provision (art. 2, sec. 21), there is the right to either take private property or damage it without taking for any public use. But for such taking or damaging compensation must be made. So far as the public is concerned the franchise granted its rights. So far as plaintiffs were concerned they were entitled to compensation.

For taking property for public use there is provision for a statutory condemnation. R. S. 1889, sec. 2734 *et seq.* But for the case of constitutional damage without the taking there is no statutory provision. *Osborne v. Railroad*, 147 U. S. 248, 259. Therefore, where property is damaged for public use but not taken there can be a common law action for damages. *Householder v. Kansas City*, 83 Mo. 488; *Sheehy v. Cable R'y Co.*, 94 Mo. 574; *Webster v. Railroad*, 22 S. W. Rep. (Mo.) 474; *Hickman v. Kansas City*, 25 S. W. Rep. (Mo.) 225. Or the property owner can maintain injunction, in which case a court of equity can appoint commissioners to assess damages on the payment of which an injunction may be refused. *McElroy v. Kansas City*, 21 Fed. Rep. 257; *Osborne v. Railroad*, 147 U. S. 248, 259; or upon application for an injunction the property owner can in the discretion of the chancellor be left to an adequate remedy by common law action for damages. *Johnson v. Railroad*, 26 Chicago Legal News, 245; *Osborne v. Railroad*, 147 U. S. 248, 259; s. c., 37 Fed. Rep. 830; *Railroad v. Payne*, 49 Fed. Rep. 114; *Railroad v. Domke*, 17 Pac. Rep. (Col.) 777, 781 and cases cited. (4) Plaintiffs having elected to pursue their common law action can not maintain injunction. The doctrine of election is simply that a person who has the choice of inconsistent remedies must abide the choice he makes. The doctrine is illustrated by the books. 6 Am. and Eng. Law, 247 *et seq.*; Bigelow on Estoppel [5 Ed.], 673; *Nanson v. Jacobs*, 93 Mo. 331, 345. (5) Injunction was improper because there was an adequate remedy which plaintiffs were pursuing, and by such remedy consent was given to the appropriation. *Osborne v. Railroad*, 147 U. S. 248, 259; s. c., below, 37 Fed. Rep. 830; *Railroad v. Payne, supra; Railroad v. Domke, supra; Johnson v. Railroad,* 26 Chicago Legal News, 245; Mills, Em. Dom. [2 Ed.],

secs. 140, 141; *Gray v. Railroad*, 81 Mo. 126; *Pinkham v. Chelmsford*, 109 Mass. 225, 229; *Sams v. Railroad,* —— Mo. ——; *Doyle v. Railroad*, 20 S. W. Rep. (Mo.) 970; *Webster v. Railroad*, 22 S. W. Rep. (Mo.) 474. (6) By the judgment at law, now satisfied, the plaintiffs lost their right to complain. *Railroad v. Knoepfel,* 17 S. W. Rep. (Tex.) 1052; 1 Freeman on Judgments [4 Ed.], sec. 237; *Doyle v. Railroad*, 20 S. W. Rep. (Mo.) 970; *Webster v. Railroad*, 22 S. W. Rep. (Mo.) 474; *Spencer v. Railroad*, 23 S. W. Rep. (Mo.) 126; Lewis, Em. Dom., 648; *Provolt v. Railroad,* 57 Mo. 256; *Buker v. Railroad*, 57 Mo. 265; *Hubbard v. Railroad,* 63 Mo. 68; *Kanaga v. Railroad*, 76 Mo. 213; *Gray v. Railroad*, 81 Mo. 134; *Bradley v. Railroad*, 91 Mo. 499; *McClelland v. Railroad*, 103 Mo. 296; *Dodd v. Railroad*, 108 Mo. 581, 585; *Webster v. Railroad*, 22 S. W. Rep. (Mo.) 474; *Hickman v. Kansas City*, 25 S. W. Rep. (Mo.) 225; *Slattery v. St. Louis*, 25 S. W. Rep. (Mo.) 521.

GILL, J.—This is a suit in equity whereby the plaintiff sought to enjoin the defendant from continuing or maintaining its cable railroad in front of plaintiff's property and to abate the same as a nuisance.

The facts giving rise to the controversy are substantially as follows: In 1887 and 1888 the defendant street railway company, under a franchise from Kansas City, constructed its cable road along the line of Twelfth street from the eastern city limits to the stock yards in west Kansas. In order to get up from the west bottom to the high land the defendant built a viaduct or inclined plane on said Twelfth street, the western end of which left the surface a few hundred feet west from the foot of the bluff. This viaduct rests on stone piers or abutments built in Twelfth street. At this point Eleventh street runs parallel with Twelfth

Spencer v. Metropolitan Street R'y Co.

street and only thirty-five feet distant therefrom to the north, forming short lots twenty-five by thirty-five feet fronting on both streets, two of which belong to plaintiff. Eleventh street is seventy feet wide, while Twelfth—where the cable road was built—is only thirty feet in width. The viaduct on Twelfth street is from three to nine feet above the surface of the ground in front of plaintiff's lots.

In September, 1888, Mrs. Spencer brought an action against the defendant for damages done her property by the erection of this incline plane charging a permanent impairment of its value, etc., and she recovered a judgment for $800. The case was appealed to the supreme court, the judgment was there affirmed, and the defendant has paid and satisfied the same. The present injunction suit was begun long after the above action for damages and after the judgment thereon had been obtained.

At the trial below the court denied the relief asked and dismissed plaintiff's bill, and the case is brought here by writ of error.

In our opinion there is no merit in plaintiff's claim and the lower court rightly declined to award the extraordinary relief asked. The case stated, too, most strongly for plaintiff, is simply this: Defendant constructed its viaduct along the Twelfth street front of plaintiff's lots, and in such a way as to impair, or perhaps even to destroy, the ingress and egress to and from said street. Thereupon the plaintiff brought her action for damages, basing it, in express terms, on that provision of our constitution that requires compensation to be made for all property taken or damaged for public use. She sued and recovered not only such damages as were *then* accrued by reason of the invasion of her appurtenant easement, but as well sued and recovered for all damages for *future* maintenance of the

obstruction. The viaduct was treated as a permanent injury, affecting the real estate for all time. It would seem, in all justice, that as the plaintiff had been fully paid and compensated for all her damages, present and prospective, she ought not to be heard to complain further.

Admitting that the structure complained of was an improper use of the street—such indeed as amounted to an actionable nuisance—and yet plaintiff has no standing in court to prosecute this injunction. For, conceding the existence of a public nuisance the individual can not maintain injunction unless special injury, over and above that done the public generally is shown. *Glaessner v. Brewing Ass'n,* 100 Mo. 508. This is a principle of law as old as the books. At the time this injunction was brought the plaintiff had no cause to complain of special injuries to her property. Her claim therefor had been sued for, a judgment of $800 in her favor had been awarded, and since this suit was commenced this has been paid to her. When, then, this injunction suit was commenced, tried and determined, it conclusively appeared that plaintiff *had no injuries, separate and distinct,* from the public, to complain of. The plaintiff's attitude is the same as if before instituting this suit she had met the defendant and agreed and settled with it for the full amount of damages done her property by the erection and maintenance of the cable road in front thereof. And can it be said with any show of reason that plaintiff may enjoin the defendant from using and occupying that which she for a moneyed consideration agreed it might?

If the viaduct was a burden on the street not contemplated by the dedication thereof, then plaintiff was entitled to be compensated for such special damages as her property would receive. *Belcher Sugar Refining Co. v. Elevator Co.,* 82 Mo. 121–125. This she has

sued for, recovered and accepted; and clearly now she has no just right to call on the courts to abolish .an improvement which she, in legal effect, agreed might continue on the street in question.

The judgment is manifestly for the right party and will be affirmed.    All concur.